

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH NATHANIEL JOHNSON | DOCKET NO. 08-CV-0160; SEC. P |
| VERSUS | JUDGE DRELL |
| JOE KEFFER, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint of Plaintiff Joseph Nathaniel Johnson, filed pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971). Plaintiff, an inmate in the custody of the Federal Bureau of Prisons (BOP), is presently confined at the United States Penitentiary in Pollock, Louisiana. Plaintiff has been allowed to proceed *in forma pauperis*. [Doc. #4] Plaintiff seeks only injunctive relief in the form of a transfer to another prison.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

### STATEMENT OF THE CASE

According to Plaintiff, he is currently being housed in the "segregation unit" because of a gang threat. Plaintiff alleges that Investigator Townsend verified the claim that Plaintiff was in danger. However, Warden Joe Keffer either "unverified" the claim or turned Plaintiff down for a transfer. [Doc. #1, p.3]

Plaintiff claims that the gang known as the "Crips" is a "known enemy of his," but the defendants cannot get them to corroborate or verify Plaintiff's claim that they are after him. Thus, Plaintiff was instructed to return to the general prison population, but he is refusing to do so.

Plaintiff asks that the defendants acknowledge the threat against him and transfer him to another institution.

## LAW AND ANALYSIS

Plaintiff seeks only injunctive relief. To be entitled to such relief, the Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest. U.S. v. Brooks, 2006 WL 2323057, 1 (S.D.Tex. 2006), citing Sugar Busters LLC v. Brennan, 177 F.3d 258 (5th Cir. 1999). Plaintiff must prove all four elements in order to prevent the denial of the motion. Sanchez v. Federal Bureau of Prisons, 2005 WL 3555465 *1 (N.D.Tex. 2005). Here, Plaintiff cannot establish even the first necessary element.

Federal prisoners generally have no constitutional right to placement in a particular penal institution. Title 18 of the United States Codes expressly provides that, "The Bureau of Prisons shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b) (superseding former 18 U.S.C. § 4082(b) which gave

the Attorney General authority to place and transfer prisoners). The Bureau of Prisons ("BOP") is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences. See U.S. v. Voda, 994 F.2d 149, 152 (5th Cir. 1993). Thus, the BOP may confine a prisoner in any facility and transfer him at any time. See U.S. v. Brooks, 2006 WL 2323057, 1 (S.D.Tex. 2006) citing Olim v. Wakinekona, 461 U.S. 238, 245 (1983). The federal courts do not "supervise the day-to-day administration of prisons." Meachum v. Fano, 427 U.S. 215, 224 (1976). Plaintiff was placed in segregation while the alleged threats against him were investigated. He is not entitled to a transfer to another federal prison.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claims be DENIED and DISMISSED WITH PREJUDICE as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _24th_ day of _April_, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE